**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY CANTY,** | : | |
| | : | |
| Petitioner | : | No. 1:14-CV-01158 |
| | : | |
| vs. | : | (Judge Caldwell) |
| | : | |
| **WARDEN L.E. THOMPSON,** | : | |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

Anthony Canty, an inmate presently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

**BACKGROUND**

On June 1, 2004, a federal grand jury returned an indictment, charging Canty with the following offenses: (1) possessing with intent to distribute a controlled substance, namely a mixture or substance containing cocaine base, in violations of 21 U.S.C. § 841(a)(1)(Count 1); (2) possessing with intent to distribute a controlled substance, namely a mixture of heroin and cocaine, in violations of 21 U.S.C. § 841(a)(1)(Count 2); (3) possessing with intent to distribute a controlled substance, namely

a mixture or substance containing marijuana, in violations of 21 U.S.C. § 841(a)(1)(Count 3); (4) knowingly possessing firearms in relation to drug trafficking crimes (specifically a loaded Ruger, 9 millimeter, semi-automatic pistol; a loaded Stallard Arms, 9 millimeter, semi-automatic pistol; and a loaded Lorcin .25 caliber semi-automatic pistol) in violation of 18 U.S.C. 924(c)(Count 4); (5) knowingly possessing a firearm having been previously convicted of a felony in violation of 18 U.S.C. 922(g)(Count 5); and (6) counterfeiting United States currency, in violation of 18 U.S.C. § 471 (Count 6). Doc. 11, Canty's Addendum to Supplemental Memorandum of Law, at 5-10. On February 10, 2005 following a jury trial in the United States District Court for the Northern District of Illinois, Canty was convicted of all of the charges. Doc. 16-1, attachment to Response to Petition, at 6.

A presentence report was prepared and the sentencing guideline range was determined to be imprisonment for 360 months to life. Doc. 16-2, attachment to Response to Petition, at 17-18. The presentence report revealed that Canty had the following seven felony convictions before his arrest in January, 2004: (1) a 1980 convictions for aggravated battery and unlawful restraint; (2) a 1982 conviction for felony possession of cannabis; (3) a 1992

conviction for distribution of a controlled substance;[1] (4) a 1992 conviction for possession with intent to distribute a controlled substance; (5) a 1996 conviction for a controlled substance offense in the second degree;[2] (6) a second 1996 conviction for a controlled substance offense in the second degree; and (7) a 1996 conviction for defrauding a secured creditor. Id. Canty was found to be a Career Offender under United States Sentencing Guideline ("USSG") § 4B1.1[3] and as an Armed Career Criminal under 18 U.S.C. § 924(e)[4] and

---

[1]The record reveals that the maximum penalty for this offense was 15 years. Doc. 16-2, attachment to Response to Petition, at 25.

[2]The record reveals that the maximum penalty for this offense was forty years. Doc. 16-2, attachment to Response to Petition, at 25.

[3]The Career Offender provision, USSG § 4B1.1, states that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Canty was a career offender because he was at least 18 years old, he was convicted of a controlled substance offense before the federal district court in Illinois, and he had at least two prior felony controlled substance convictions.

[4]18 U.S.C. § 924(e) states in pertinent part that

> [i]n the case of a person who violates 922(g) of this

(continued...)

USSG § 4B1.4. Id. The sentencing guideline range for either Canty's Career Offender or Armed Career Criminal status was the same: 360 months to life. Id. On January 19, 2006, the district court sentenced Canty to an aggregate term of imprisonment of 360 months as follows: three concurrent 120 month terms of imprisonment on Counts 1, 2 and 6; a 60 month concurrent term of imprisonment on Count 3; a 60 month term of imprisonment on Count 4 to served consecutively to Counts 1, 2 and 6; and a 180 month term of imprisonment on Count 5 to be served consecutively to Count 4. Doc. 16-1, attachment to Response to Petition, at 7.

On January 19, 2006, Canty filed an appeal to the Court of Appeals for the Seventh Circuit with respect to the counterfeiting charge in Count 6 of the indictment only. Doc. 16-2, attachment to Response to Petition, at 1-2. Canty argued that the district court

---

[4](...continued)
>    title and has three previous convictions by any court
>    . . . for a violent felony or a serious drug offense, or
>    both, committed on occasions different from one another,
>    such a person shall be fined under this title and
>    imprisoned not less than 15 years, and, notwithstanding
>    any other provision of law, the court shall not suspend
>    the sentence of, or grant a probationary sentence to,
>    such a person with respect to the conviction under
>    section 922(g).

A "serious drug offense" is defined in relevant part as "an ofense under State law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years is prescribed by law." 18 U.S.C. § 924(e)((2)(A)(ii).

erred by prohibiting him from testify regarding his motivation for counterfeiting the currency. Id. On August 28, 2007, the Court of Appeals issued a decision vacating Canty's counterfeiting conviction and remanding for a new trial with respect to that charge only. Id.; United States v. Canty, 499 F.3d 729 (7th Cir. 2007).  In so doing the Court of Appeals stated in part as follows:

> Anthony Canty was caught with guns, drugs, and counterfeit
> money in his apartment.  When questioned by the police
> about the money Canty did not deny that it was counterfeit
> (a wise choice, the police having found the phony money
> sitting in a printer tray in Canty's apartment, on 8.5  x
> 11 inch pieces of paper, with genuine bills taped to the
> screen of a nearby scanner).  Instead, he explained that
> he was printing the money to give the police for their use
> as "flash money" in undercover drug operations. Canty was
> not just feeling philanthropic; he later told the grand
> jury that he was hoping to win over the good graces of the
> police for consideration in pending drug charges Canty was
> facing.  Canty was tried for counterfeiting money . . . as
> well as for numerous drug and gun charges not relevant to
> this appeal.  At trial, when Canty took the stand in his
> own defense, the district court precluded him from
> testifying about his motivation for printing the money.
> The court reasoned that Canty's story amounted to a public
> authority defense, which Canty was trying to present
> without giving the government the advance notice required
> by FED. R. CRIM. P. 12.3. . . . The government concedes
> that the court below erred, but it argues that the error
> was harmless. . . . We agree with Canty that the district
> judge improperly limited his testimony and that the error
> was not harmless.

Id.  After being remanded, the United States filed a motion in the district court to dismiss the counterfeiting charge which was granted on April 15, 2008, and Canty was resentenced on March 25, 2009, after the preparation of an updated presentence report, to an

aggregate term of imprisonment of 360 months (120 months on Counts 1 and 2; a concurrent 60 months on Count 3; a consecutive sentence of 60 months on Count 4; and a consecutive sentence of 180 months on Count 5). Id.; Doc. 16-1, attachment to Response to Petition, at 9. The updated presentence reported indicated that the sentencing guideline range remained the same, i.e., 360 months to life. Doc. 16-2, attachment to Response to Petition, at 19.  At the time of resentencing, Canty withdrew objections to his designation as an Armed Career Criminal and Career Offender. Id.  Canty appealed the sentence claiming that the district court failed to calculate his sentence according to the advisory guidelines and on February 5, 2010, the Court of Appeals for the Seventh Circuit affirmed Canty's sentence. United States v. Canty, No. 09-1838, 2010 WL 395931, at *1 (7th Cir. Feb 5, 2010).

On December 20, 2010, Canty filed in the district court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 16-1, attachment to Response to Petition, at 11. Canty raised several claims, including that the district court lacked subject matter jurisdiction, the district court abused its sentencing discretion, certain underlying offenses did not carry a maximum sentence of ten years, he was not an Armed Career Criminal, his attorney provided him with ineffective assistance, and he was actually innocent of a violation of the federal firearms statute.

Doc. 16-2, attachment to Response to Petition, at 5-18. He also asked the district court to recalculate his offense level because of the newly implemented 18:1 crack cocaine to powder cocaine ratio. Id. The district court reviewed each of Canty's claims and rejected them on the merits. Id.  The district court declined to issue a certificate of appealability. Id. at 32.

      Canty filed an appeal of the district court's denial of his § 2255 motion and requested that the Court of Appeals for the Seventh Circuit issue a certificate of appealability. Id. at 35. The Court of Appeals on January 10, 2013, issued an order denying the request. Id.  In so doing the Court stated that it reviewed the final order of the district court and found no substantial showing of the denial of a constitutional right. Id.  Subsequently, the Court of Appeals for the Seventh Circuit denied two applications by Canty for leave to file successive § 2255 motions. Id. at 36-38.  In the first application, Canty sought authorization to file a § 2255 motion to challenge the district court's imposition of a 60-month consecutive term of imprisonment for his use of a firearm during a drug offense (Count 4 of the indictment). Id.  In the second application, Canty proposed to challenge his career offender enhancement. Id.

      On June 17, 2014, Canty filed the instant petition for writ of habeas corpus in which he claims the district court in

7

Illinois lacked subject matter jurisdiction and abused its sentencing discretion; he is actually innocent of the charges; and the sentence imposed was illegal. All of the claims presently raised by Canty were previously addressed in the proceedings in the Northern District of Illinois and the Seventh Circuit other than a claim relating to the Armed Career Criminal provision. Canty argues that he was not previously convicted of the requisite number of serious drug offenses. Doc. 19, Traverse, at 2. He claims that under the Armed Career Criminal provision the offenses had to involve a certain amount of drugs and relies on 18 U.S.C. §3559(c)(2)(H)(ii), specifically the definition of "serious drug offense." Id. This argument is without any merit whatsoever because the definition of "serious drug offense" in §3559 is not applicable to the Armed Career Criminal provision but specifically states that it relates to subsection (c) of 18 U.S.C. § 3559 relating to mandatory life imprisonment for certain violent felonies.

Canty also contends that his arguments constitute "newly discovered evidence." This claims is also devoid of merit because the statutory provisions that were in existence at the time of his conviction and original § 2255 filing cannot be considered new evidence. Furthermore, assuming that there was "new evidence" that would not entitle him to proceed with a § 2241 habeas petition in this district.

8

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(per curiam)(nonprecedential).

In the instant case, Canty clearly maintains that his federal conviction violates his constitutional rights. Canty is clearly challenging his conviction and sentence based on alleged "new evidence." Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. Canty is also challenging his conviction on the basis of arguments that were already addressed by the district in the Northern District of Illinois and by the Court of Appeals for the

9

Seventh Circuit.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, <u>supra</u>, 437 F.2d at 1165. It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it,

that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Canty has not met this burden. He does not state that he has requested permission from the United States Court of Appeals for the Seventh Circuit for leave to file a successive petition relating to his "newly discovered" evidence claim. Moreover, to the extent that Canty has sought, and been denied, permission by the Court of Appeals for the Seventh Circuit to file a second § 2255 motion, section 2255 is not inadequate or ineffective merely because Canty is unable to meet the gatekeeping requirements for filing a second § 2255 motion. In re Dorsainvil, 119 F.3d at 251.

Thus, the court will dismiss Canty's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. Dismissal is without prejudice to any right Canty may have to seek leave to file a second or successive § 2255 motion.

Finally, because Canty is not detained because of process issued by a state court and the petition is not brought pursuant to

28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: February 17, 2015